# NO. 12-18-00133-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEKENNDRICK LEKEITH ROSS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Dekenndrick Lekeith Ross appeals his conviction for trafficking of a person. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

### BACKGROUND

Appellant was charged by indictment with trafficking of a person. Specifically, the State alleged that Appellant received a benefit from trafficking "Victim #1" through force, fraud, or coercion and caused her to engage in prostitution. He pleaded "not guilty," and the matter proceeded to a bench trial.

At trial, Appellant's wife, Crystal Lilly, testified that Appellant made money by "trafficking" or "pimping" women. Appellant told her that he found Victim #1 walking and homeless, and Victim #1 agreed to prostitute herself and give him all the money. Lilly's cousin, Larry Harris, testified that he lived with Appellant and Lilly. He knew that Appellant was "pimping." Appellant told Harris that he chose girls with traumatic pasts and made false promises to gain their compliance.

Victim #1 testified that she was nineteen years old. She was born in Mexico to a sixteen-year-old mother. As a small child, the court system removed her from her mother and placed her with her father and a stepmother who severely physically abused her for several years. At age seventeen, two of Victim #1's closest friends passed away. She began abusing drugs heavily, attempted suicide, and was eventually forced to leave home.

Believing that she could not work because of her legal status, Victim #1 began begging people for a place to stay. One person with whom she stayed for a short time put her in contact with Appellant for the purported purpose of providing phone sex services. Appellant rented her a hotel room and then told her that she must have sex with people to repay him for it. Fearing what Appellant might do to her, Victim #1 complied.

For several weeks, Victim #1 had sex with about ten men per day and slept only about two hours per night. Appellant supplied her with ecstasy pills to keep her awake and alert. Appellant told Victim #1 that they were going to make a lot of money and if she worked hard enough, he would give her a house and his Mercedes Benz. This never happened, and Victim #1 was made to give all the money she received to Appellant.

In Appellant's recorded interview with the police, he admitted getting Victim #1 a hotel room, posting an online advertisement for her services, and accepting money from her. However, he maintained that it was Victim #1's idea to prostitute herself and that she only gave him money at her own discretion.

Ultimately, the trial court found Appellant "guilty" and assessed his punishment at imprisonment for life. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he reviewed the record and found no grounds for a reversal. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[1]

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Appellant contends in his pro se response that (1) the State committed prosecutorial misconduct by providing the trial court a false criminal history report for Victim #1; (2) his police interview was admitted in violation of Texas Code of Criminal Procedure Article 38.22, Section 3(a)(3) because it was redacted; (3) the trial judge was not fair and impartial because he referred to Victim #1 as "our client," stated that "we" need to document Victim #1's identity, and stated before hearing any evidence that Appellant was "getting prosecuted"; (4) the trial court violated Texas Code of Criminal Procedure Article 1.051 by appointing counsel on August 15, 2017, when Appellant submitted twelve pauper's oaths beginning June 15, 2017; and (5) his trial counsel was ineffective because he (a) refused Appellant's request to subpoena certain witnesses, phone records, and Victim #1's behavior center records, (b) failed to file a motion to suppress, (c) failed to file a motion to dismiss, and (d) failed to object to the admission of Victim #1's false criminal history and Appellant's interview, which was redacted and obtained without *Miranda* warnings.

When faced with an *Anders* brief and a pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

After conducting an independent examination of the record, we find no reversible error and conclude that the appeal is wholly frivolous. *See id*.; *see also* TEX. R. APP. P. 33.1(a) (claim preserved only if complaint was made to trial court by timely and specific request, objection, or motion); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (record on direct appeal rarely sufficiently developed to fairly evaluate ineffectiveness).[2] Accordingly, we *affirm* the judgment of the trial court.

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also* *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits and now *grant* counsel's motion for leave to withdraw.

---

[2] Appellant may be able to pursue his ineffective assistance of counsel claim through a writ of habeas corpus filed in compliance with Article 11.07 of the Texas Code of Criminal Procedure.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* Tᴇx. R. Aᴘᴘ. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* Tᴇx. R. Aᴘᴘ. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* Tᴇx. R. Aᴘᴘ. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered August 30, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 30, 2019**

**NO. 12-18-00133-CR**

**DEKENNDRICK LEKEITH ROSS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1228-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*